**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **KURT ADAM OLDENBURG,** | )<br>) |
| **Plaintiff,** | ) CIV 10-00874 PHX PGR MEA<br>) |
| v. | ) REPORT AND RECOMMENDATION<br>) |
| **MARICOPA COUNTY SHERIFF'S OFFICE, et al.,** | )<br>)<br>) |
| **Defendants.** | )<br>) |

**TO THE HONORABLE PAUL G. ROSENBLATT:**

Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 on April 19, 2010, alleging Defendants are liable to him for violation of Plaintiff's constitutional rights while incarcerated. On May 18, 2010, the Court granted Plaintiff's motion to proceed *in forma pauperis* and dismissed the complaint with leave to amend.

Plaintiff filed a first amended complaint on or about July 22, 2010. See Doc. 10. On August 19, 2010, Plaintiff moved for leave to file a first amended complaint and lodged a pleading captioned as a first amended complaint. See Doc. 13 & Doc. 14. The pleading at Doc. 14 is identical to the pleading at Doc. 10.

1   In an order docketed September 30, 2010, the Court
2 ordered that the amended complaint lodged at Doc. 14 be
3 docketed. The pleading was docketed on September 30, 2010, as
4 Plaintiff's second amended complaint. See Doc. 16.

5   In the order issued September 30 the Court dismissed
6 Count II of the amended complaint without prejudice. The Court
7 further dismissed as defendants Richard Friedman, Medical
8 Provider CH 718, Unknown Mahdi, and Unknown Lucky, without
9 prejudice. The Court ordered Defendants Maricopa County, Brock,
10 Stapley, Kunasek, Wilson, and Wilcox to answer Count I of the
11 second amended complaint and ordered Defendants Michaels and
12 Arpaio to answer Count III.

13   Defendants sent waivers of service on or about October
14 20, 2010, which waivers were docketed on November 16, 2010. See
15 Doc. 18-25.

16   On November 29, 2010, Plaintiff filed a motion to amend
17 his complaint. Plaintiff seeks to add five additional claims to
18 the complaint and to add defendants. See Doc. 26. Plaintiff
19 also simultaneously filed a motion seeking "an indefinite stay
20 suspending all judicial proceedings." Doc. 27.

21   Rule 15(a), Federal Rules of Civil Procedure, provides
22 that a plaintiff should be given leave to amend his complaint
23 when justice so requires. See, e.g., United States v. Hougham,
24 364 U.S. 310, 316, 81 S. Ct. 13, 17 (1960); Howey v. United
25 States, 481 F.2d 1187, 1190 (9th Cir. 1973). Granting a
26 plaintiff leave to amend "is subject to the qualification that
27 the amendment not cause undue prejudice to the defendant, is not
28 sought in bad faith, and is not futile." Thornton v. McClatchy

<u>Newspapers, Inc.</u>, 261 F.3d 789, 799 (9th Cir. 2001) (citation omitted).

Plaintiff's motion for leave to file an amended complaint is not accompanied by a proposed amended complaint. Such a complaint would be the fourth complaint filed in this matter, although two of the complaints are identical. Plaintiff seeks to add additional defendants and claims, some of which have previously been dismissed. Although Defendants have not yet answered or otherwise responded to the complaint, adding additional causes of action and defendants at this time would further prolong these proceedings by requiring service of additional defendants. Litigating events which have transpired subsequent to the filing of the served complaint would only complicate the efficient litigation of the screened claims.

Additionally, Plaintiff now seeks to stay this matter until his release from incarceration.

Accordingly,

**IT IS RECOMMENDED THAT** Plaintiff's motion to amend his complaint (Doc. 26) be **denied**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to

file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

Pursuant to 28 U.S.C. foll. § 2254, R. 11, the District Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The undersigned recommends that, should the Report and Recommendation be adopted and, should Petitioner seek a certificate of appealability, a certificate of appealability should be denied because Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C.A § 2253(c)(2).

DATED this 10th day of December, 2010.

_____
Mark E. Aspey
United States Magistrate Judge